AARON S. EVEREST

*vs.*

BENJAMIN FERRIS, *et al.*

1. Upon the reversal, affirmance or modification of any order or judgment of the district court by this court, the safer and better practice under rule 18 of the supreme court, is to send the case down to the district court, and remit the parties to that tribunal for the affirmative relief to which they may be entitled in the action under our decision, and to refuse to enter any final order or judgment in the action in this court, unless by consent of parties; or unless it appears that injury will result to the party entitled to judgment by our refusal to grant him the affirmative relief to which he is entitled.

2. Whether a motion for leave to serve an amended answer, made in the first instanc to this court, is not original relief of which this court has no jurisdiction, *quære?*

3. A motion by defendants for leave to serve an amended answer, &c., was opposed at the hearing on the ground: 1st, that it was not within the statute allowing amendments; 2d, that the defence sought to be interposed was barred by the statute of limitations. The defendants' counsel was not present at the hearing of the motion, having submitted the same upon brief in which no reference was made to such objections, and the objections were argued only upon the side of the plaintiff. *Held*, under these circumstances, and in view of the doubt as to our jurisdiction to grant the relief in the first instance, the motion will be denied without prejudice.

Everest v. Ferris et al.

This cause came before this court at the July term, 1870, on an appeal taken by the plaintiff from the judgment of the court below, and is reported in volume XVI. The subsequent proceedings in the case are stated in the opinion.

GORDON E. COLE, for Appellant.

JONES & BUTLER, for Respondents.

*By the Court.*—McMILLAN, J.—This cause was argued and submitted upon its merits at the July term, 1870, and the judgment appealed from was reversed. No remittitur has issued, and the cause still remains in this court.

The appellant now moves this court to render and enter such judgment in the case as the court below ought to have rendered, with costs of both courts.

The respondents at the same time submitted a motion on behalf of defendant Rawson, for leave to serve an amend answer and for a new trial.

By rule of this court, "Upon the reversal, affirmance or modification of any order or judgment of the district court by this court, there will be a remittitur to the district court, unless otherwise ordered." *Rule* 18 *Supreme Court Rules.*

Since the revision of our rules, it has been the practice in every case to which the rule is applicable, to send the case down to the district court, and remit the parties to that tribunal for the affirmative relief to which they may be entitled in the action under our decision, and to refuse to enter any final order or judgment in the action in this court, unless by consent of parties; or unless it appeared that injury by unnecessary delay, or otherwise, would result to the party entitled to judgment by our refusal to grant him the affirmative relief which the district court ought to have granted. This we think

is the safer and better practice. From the facts as they appear upon the appeal, we see nothing to bring this case within the practical exceptions to the rule referred to, and are, therefore, of opinion that the appellant's motion should be denied.

The relief sought by the respondents' motion was opposed by the appellant on the hearing upon two grounds: 1, that the defence set up in the proposed amended answer is inconsistent with the defence interposed in the original answer, and entirely changes the defence, and at this stage of the action cannot be allowed; 2, that the mortgage sought to be pleaded in the amended answer is barred by the statute of limitations, (Sess. L. 1870, ch. 60,) and therefore the answer sets up no defence.

The respondents were not present at the hearing of the motion, but submitted it on his part upon brief, in which he does not argue or refer to the objections raised by the appellant, so that the questions have in fact been argued but upon one side. In addition to this, we are not free from doubt whether it is within our jurisdiction to grant this original relief, and if it can be granted, it is certainly within the jurisdiction of the district court.

Without determining the points raised by the objections of the appellant to the respondents' motion, we will deny the motion, with permission to the respondents to renew the motion before the district court, if they shall be so advised.